IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MJ NO. 1:20-MJ-9055 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE WILLIAM H. |
| v. | ) | BAUGHMAN, JR. |
| | ) | |
| ROBERT D. MCWILLIAMS, | ) | |
| | ) | **UNITED STATES' MOTION TO SUSPEND** |
| Defendant. | ) | **THE 30-DAY STATUTORY SPEEDY TRIAL** |
| | ) | **CLOCK AND EXCLUDE SUCH TIME FOR** |
| | ) | **ALL SPEEDY TRIAL ACT PURPOSES** |
| | ) | |

The United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, Bridget Brennan, First Assistant U.S. Attorney, and Carol M. Skutnik, Assistant United States Attorney, hereby moves this Court to extend the 30-day time period imposed by the Speedy Trial Act for returning an indictment in the above-captioned case, and to exclude such time for all Speedy Trial Act purposes, including, but not limited to the 30-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed, and the 90-day time period under 18 U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because he is awaiting trial.

The United States initiated this case via complaint and arrest warrant.  Defendant Robert D. McWilliams, was arrested on February 27, 2020, and first appeared before a judicial officer of this Court on the same day.  At the time of the initial appearance, the defendant was remanded to

the custody of the U.S. Marshal's Service after waiving his right to a preliminary hearing and detention hearing. The matter was bound over to the grand jury.

On March 12, 2020, the government filed a motion with this Court to extend the time to file an Information or an Indictment until April 30, 2020. The motion included a waiver signed by all parties extending the grand jury deadline to April 30, 2020. That motion was granted by this Court on March 17, 2020. (R. 9: Order, PageID 31).

Under 18 U.S.C. § 3161(b), an indictment or information must be filed within 30 days from the date on which a defendant was arrested. Under normal circumstances, this would have required the United States to seek an indictment filed no later than March 23, 2020. Based upon the Court's previous order, the extended deadline would be April 30, 2020.

On March 16, 2020, this Court issued General Order 2020-05, which included a directive stating that, for all Grand Jury proceedings through May 1, 2020, "Grand juries will not meet unless absolutely necessary," subject to vacatur or amendment by the Court no later than May 1, 2020. (Gen. Order 2020-05). On March 23, 2020, the Court amended General Order 2020-05 and issued General Order 2020-05-01 which states, in pertinent part, that no Grand Juries will convene unless absolutely necessary and with the approval of the Chief Judge. (Gen. Order 2020-05-01). The Court entered these General Orders in response to the COVID-19 public-health emergency declared at both at the national and state levels. (*Id.*).

Notwithstanding this public health emergency, United States continues to investigate, prosecute and prepare this case for indictment, including making arrangements to obtain available witnesses to testify before a grand jury within the allotted 30-day period. Nonetheless, the United States is cognizant of the concerns identified in the General Orders, and of the public-

health risk created for government counsel, witnesses, grand jurors, and Court personnel by assembling during the period of the public-health emergency.

In addition, defense counsel initially agreed to extend the time to indict to allow him an opportunity to discuss the evidence and potential charges pending with the defendant. Attorney Robert Dixon informed the government on April 8, 2020, that McWilliams would consent to an additional extension of the grand jury time period due to the Court's General Order regarding COVID-19 and the defendant's desire for additional time to discuss the pending charges. McWilliams original waiver is attached to this motion as Exhibit A.

For the reasons set forth below, the government seeks particular findings under Sections 3161(b), 3161(h) and 3164:

I. A SPEEDY TRIAL ACT CONTINUANCE BECAUSE UNIQUE CICRUMSTANCES PREVENT REGULAR CONVENING OF GRAND JURY SESSIONS

The Speedy Trial Act automatically provides for an additional 30-days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period." 18 U.S.C. § 3161(b). While grand juries are technically still in session, General Order 2020-05-01 precludes convening these grand juries unless "absolutely necessary" and approved by the Chief Judge. In addition, given the current declarations of a national and statewide public-health emergency due to COVID-19, it is highly unlikely that a sufficient number of grand jurors would appear to satisfy the quorum requirement for returning an indictment. Accordingly, the government seeks a finding that 3161(b) applies to this particular case thereby extending the time period to seek an indictment by 30 days.

II. AN "ENDS OF JUSTICE" FINDING IS ALSO WARRANTED IN THIS MATTER

In addition to a finding that Section 3161(b) is applicable, the government also seeks an "ends of justice" finding necessary to exclude time under Sections 3161(h) and 3164.

The Speedy Trial Act excludes "the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," any period of delay based on a continuance granted by "any judge" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h) & (h)(7)(A).  The court must set forth "in the record of the case" its reasons supporting such a finding, after considering the factors identified in the statute, among others.  *Id.*, § 3161(h)(7)(A) & (B).

Further, under 18 U.S.C. § 3164(b), the trial of any person who is detained solely because he or she is awaiting trial must commence no later than 90 days following the beginning of such continuous detention.  The periods of excludable delay set forth in Section 3161(h) apply equally to Section 3164.

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the applicable statutes, this Court's general order, and public-health requirements, the United States respectfully requests that this Court (1) find that Section 3161(b) applies and that, as a result, the 30-day clock for the return of an indictment or filing of an information is excused, with the 30-day period to begin anew on the date that this Court permits grand juries in the Northern District of Ohio to resume meeting and proceed generally, in the normal course; and (2) after making specific findings to support an "ends of justice" determination pursuant to Section 3161(h), exclude the period of time between the date on which Defendant was arrested and the date on which this Court first permits grand juries in the Northern District of Ohio to resume meeting and proceeding generally, for all Speedy Trial Act purposes, including, but not limited to, the 90-day time period under 18U.S.C. § 3164(b) for beginning trial for a defendant who is detained solely because he is awaiting trial.

A proposed order is attached.

              Respectfully submitted,

              Justin E. Herdman
              United States Attorney

    By:    s/ Carol M. Skutnik
         Carol M. Skutnik (OH # 59704)
         Assistant United States Attorney
         801 West Superior Avenue
         Suite 400
         Cleveland, Ohio 44113
         (216) 622-3785
         Carol.skutnik@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                                  /s/ Carol M. Skutnik
                                                  Carol M. Skutnik
                                                  Assistant U.S. Attorney